**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CASE NO:  **15-41313** |
| **Kent McConnico Mayhall** | ) | |
| | ) | Chapter 13 |
| SSN(s): **xxx-xx-0957** | ) | |
| **3700 Preston Rd #1432** | ) | |
| **Plano, TX 75093** | ) | |
| | ) | |
| | ) | |
| Debtor | ) | |

**You should read this Plan carefully and discuss it with your attorney.  Confirmation of this Plan by the Bankruptcy Court may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim.**

# CHAPTER 13 PLAN

Debtor or Debtors (hereinafter called "Debtor") proposes this Chapter 13 Plan:

1.   **Submission of Income.**  Debtor submits to the supervision and control of the Chapter 13 Trustee ("Trustee") all or such portion of future earnings or other future income of Debtor as is necessary for the execution of this Plan.

2.   **Plan Payments and Length of Plan.**  Debtor will pay the sum of _____ **$580.00** _____ per _____ **month** _____ to Trustee by ☐ Payroll Deduction(s) or by ☑ Direct Payment(s) for the period of _____ **60** _____ months, unless all allowed claims in every class, other than long-term claims, are paid in full in a shorter period of time.  The term of this Plan shall not exceed sixty (60) months.  See 11 U.S.C. §§ 1325(b)(1)(B) and 1325(b)(4).  Each pre-confirmation plan payment shall be reduced by any pre-confirmation adequate protection payment(s) made pursuant to Plan paragraph 6(A)(i) and § 1326(a)(1)(C).

The following alternative provision will apply if selected:

☐  Variable Plan Payments

| Beginning Month | Ending Month | Amount of Monthly Payment | Total |
|---|---|---|---|
| 1 (08/22/2015) | 60 (07/22/2020) | $580.00 | $34,800.00 |
| | | Grand Total: | $34,800.00 |

3.   **Payment of Claims.  The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief.**  Allowed claims shall be paid to the holders thereof in accordance with the terms thereof.  From the monthly payments described above, the Chapter 13 Trustee shall pay the following allowed claims in the manner and amounts specified.  Claims filed by a creditor designated as secured or priority but which are found by the Court to be otherwise shall be treated as set forth in the Trustee's Recommendation Concerning Claims.

4.   **Administrative Claims.**  Trustee will pay in full allowed administrative claims and expenses pursuant to § 507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

(A).  **Trustee's Fees.**  Trustee shall receive a fee for each disbursement, the percentage of which is fixed by the United States Trustee.

(B).  **Debtor's Attorney's Fees.**  The total attorney fee as of the date of filing of the petition is _____ **$4,000.00** _____.  The amount of _____ **$282.50** _____ was paid prior to the filing of the case.  The balance of _____ **$3,717.50** _____ will be paid ☑ from first funds upon confirmation, or in the alternative ☐ from the remaining balance of funds available after specified monthly payments.  The total attorney fees are subject to reduction by notice provided in the Trustee's Recommendation Concerning Claims to an amount consistent with LBR 2016(h) absent a certification from debtors attorney regarding legal services provided pertaining to automatic stay litigation occurring in the case.

Case No:   15-41313
Debtor(s):   **Kent McConnico Mayhall**

---

5.   **Priority Claims.**

(A).   **Domestic Support Obligations.**

☐   None.  If none, skip to Plan paragraph 5(B).

(i).   Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

(ii).   The name(s) and address(es) of the holder of any domestic support obligation are as follows.  See 11 U.S.C. §§ 101(14A) and 1302(b)(6).

**Valerie Stoker
6400 Ohio Drive #625
Plano, TX 75024**

(iii).   Anticipated Domestic Support Obligation Arrearage Claims

(a).   Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2).  These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

☑   None; or

| (a)<br>Creditor<br>(Name and Address) | (b)<br>Estimated arrearage<br>claim | (c)<br>Projected monthly arrearage<br>payment / Months |
|---|---|---|
|  |  |  |

(b).   Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

☑   None; or

Claimant and proposed treatment:

| (a)<br>Claimant | (b)<br>Proposed Treatment |
|---|---|
|  |  |

(B).   **Other Priority Claims (e.g., tax claims).**  These priority claims will be paid in full, but will not be funded until after all secured claims, lease arrearage claims, and domestic support claims are paid in full.

| (a)<br>Creditor | (b)<br>Estimated claim |
|---|---|
| **Internal Revenue Service** | **$4,012.00** |

6.   **Secured Claims.**

(A).   **Claims Secured by Personal Property Which Debtor Intends to Retain.**

(i).   **Pre-confirmation adequate protection payments.**   Unless the Court orders otherwise, no later than 30 days after the date of the filing of this plan or the order for relief, whichever is earlier, the Debtor shall make the following adequate protection payments to creditors pursuant to § 1326(a)(1)(C).  If the Debtor elects to make such adequate protection payments on allowed claims to the Trustee pending confirmation of the plan, the creditor shall have an administrative lien on such payment(s), subject to objection.  If Debtor elects to make such adequate protection payments directly to the creditor, Debtor shall provide evidence of such payment to the Trustee, including the amount and date of the payment, as confirmation is prohibited without said proof.

Case No:   15-41313
Debtor(s):   **Kent McConnico Mayhall**

---

Debtor shall make the following adequate protection payments:

☐   directly to the creditor; or

☒   to the Trustee pending confirmation of the plan.

| (a)
Creditor | (b)
Collateral | (c)
Adequate protection
payment amount |
|---|---|---|
| **State Farm Credit Union** | **2012 Jeep Liberty With 42,000 Miles** | **$222.03** |

(ii).   **Post confirmation payments.**   Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (a) and (b).  If Debtor elects to propose a different method of payment, such provision is set forth in subparagraph (c).

(a).   **Claims to Which § 506 Valuation is NOT Applicable.** Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing.  See § 1325(a)(5).  After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e).  Upon confirmation of the plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court.  Payments distributed by the Trustee are subject to the availability of funds.

☒   None; or

| (a)
Creditor; and
(b)
Collateral | (c)
Purchase
date | (d)
Estimated
Claim | (e)
Interest
rate | (f)
Monthly
payment /
Months |
|---|---|---|---|---|
| | | | | |

(b).   **Claims to Which § 506 Valuation is Applicable.**  Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 6(A)(ii)(a).  After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e).  The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim.  Upon confirmation of the plan, the valuation and interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court.  Payments distributed by the Trustee are subject to the availability of funds.

☐   None; or

| (a)
Creditor; and
(b)
Collateral | (c)
Purchase
date | (d)
Replacement
value | (e)
Interest
rate | (f)
Monthly
payment /
Months |
|---|---|---|---|---|
| **State Farm Credit Union**
**2012 Jeep Liberty With 42,000 Miles** | **12/21/2012** | **$17,762.50** | **4.25%** | **Pro-Rata**
**Month(s) 1-52** |

(B).   **Claims Secured by Real Property Which Debtor Intends to Retain.** Debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due.  These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this Plan provides otherwise.  Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full.  Trustee will pay interest on the mortgage arrearage if the creditor requests interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest.

---

Case No:   15-41313
Debtor(s):   **Kent McConnico Mayhall**

| (a)<br>Creditor; and<br>(b)<br>Property description | (c)<br>Estimated pre-petition arrearage | (d)<br>Interest rate | (e)<br>Projected monthly arrearage payment / Months |
|---|---|---|---|
|  |  |  |  |

(C). **Surrender of Collateral.** Debtor will surrender the following collateral no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan. Any involuntary repossession/foreclosure prior to confirmation of this Plan must be obtained by a filed motion and Court order, unless the automatic stay no longer applies under § 362(c). Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift Stay in order to repossess, foreclose upon or sell the collateral. Nothing herein is intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

| (a)<br>Creditor | (b)<br>Collateral to be surrendered |
|---|---|
| **State Farm Fed Cu** | **2012 Volkwagen Passat** |

(D). **Void Lien:** The secured creditors listed below hold a non-purchase money, non-possessory security interest on Debtor's exempt property. Their lien will be voided pursuant to 11 U.S.C. § 522(f) and their claim treated as unsecured and paid pursuant to paragraph 7 below:

| Name of Creditor | Collateral Description | Estimated Claim |
|---|---|---|
|  |  |  |

7. **Unsecured Claims.** Debtor estimates that the total general unsecured debt not separately classified in Plan paragraph 12 is **$44,176.52**. After all other classes have been paid, Trustee will pay to the creditors with allowed general unsecured claims a pro rata share of **$4,458.28**. Trustee is authorized to increase this dollar amount if necessary, in order to comply with the applicable commitment period stated in paragraph 2 of this Plan.

8. **Executory Contracts and Unexpired Leases.** All executory contracts and unexpired leases are assumed, unless rejected herein. Payments due after the filing of the case will be paid directly by Debtor (c) or through the plan by the Trustee (d), as set forth below.

Debtor proposes to cure any default by paying the arrearage on the assumed leases or unexpired contracts in the amounts projected in column (e) at the same time that payments are made to secured creditors. All other executory contracts and unexpired leases of personal property are rejected upon conclusion of the confirmation hearing.

☐ None; or

| (a) Creditor; and<br>(b) Nature of lease or executory contract | (c)<br>Payment to be paid directly by Debtor | (d)<br>Payment to be paid through plan by Trustee / Months | (e)<br>Projected arrearage monthly payment through plan (for informational purposes) / Months |
|---|---|---|---|
| **Champion Energy**<br>**Residential Lease** | $100.00 |  |  |
| **Gables Communities**<br>**Residential Lease** | $1,050.00 |  |  |

9. **Property of the Estate.** Upon confirmation of this plan, title of the property of the estate shall vest in DEBTOR(S), unless the Court orders otherwise.

Case No:   15-41313
Debtor(s):   **Kent McConnico Mayhall**

---

10.  **Post-petition claims.**   The DEBTOR(S) will not incur any post-petition consumer debt except upon written approval of the Court or the Standing Chapter 13 Trustee.  Post-petition claims will be allowed only as specified in 11 U.S.C. § 1305.

11.  **General Provisions.**   Post-Petition earnings during the pendency of this case shall remain property of the estate notwithstanding section 1327.  Any remaining funds held by the Trustee after dismissal or conversion of a confirmed plan may be distributed to creditors pursuant to these provisions.  Notwithstanding section 1329(a), the Trustee may bring a motion anytime within the applicable commitment period of the Plan to modify debtor's Plan to meet the criteria of section 1325(b).  Any funds sent to the debtor(s) in care of the Trustee, during the pendency of this case may be deposited to the debtor's account and disbursed to creditors holding allowed claims pursuant to this Plan, the Confirmation Order, and/or as set forth in the Trustee's Recommendation Concerning Claims.

12.  **Other Provisions:**

   (A).  **Special classes of unsecured claims.**

| Name of Unsecured Creditor | Remarks |
|---|---|
|  |  |

   (B).  **Other direct payments to creditors.**

| Name of Creditor | Remarks |
|---|---|
|  |  |

**Internal Revenue Service**

   (C).  **Additional provisions.**
   None.

Special Note: This plan is intended as an exact copy of the recommended form prepared by the Standing Chapter 13 Trustees for this District, except as to any added paragraphs after paragraph 11 above.  The Chapter 13 trustee shall be held harmless for any changes in this plan from the recommended form dated July 1, 2005.

Date:  **July 23, 2015**

**/s/ Weldon Reed Allmand**
Weldon Reed Allmand, Debtor's Attorney

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CASE NO:   **15-41313** |
| **Kent McConnico Mayhall** | ) | |
| | ) | Chapter 13 |
| SSN(s):  **xxx-xx-0957** | ) | |
| **3700 Preston Rd #1432** | ) | |
| **Plano, TX 75093** | ) | |
| | ) | |
| | ) | |
| *Debtor(s)* | ) | |

## ORDER CONFIRMING CHAPTER 13 PLAN AND RELATED ORDERS

After notice and hearing, wherein the Court considered the matters on file herein, including the Trustee's Report of Creditors Meeting held pursuant to Section 341 of the Bankruptcy Code, and all objections to confirmation of the Plan, The Court finds:

1. Written notice of the Meeting of Creditors held pursuant to 11 U.S.C. § 341 and of this hearing on the confirmation of the Plan was given as required by Rule 2002; and

2. All scheduled creditors have been served with a copy of the Debtor's Plan or summary thereof in accordance with Rule 3015; and

3. The Plan as presented for confirmation (hereinafter referred to as "the Plan") complies with the provisions of Chapter 13 of Title 11 of the United States Code and the other applicable provisions of said Title; and

4. With respect to each allowed secured claim provided for by the Plan, the holder of such claim either accepted or was deemed to have accepted the Plan, or, in the alternative

   a. The Plan provides that the holder of such claim retain the lien securing such claim; and

   b. The value, as of the effective date of the Plan, of property to be distributed under the Plan on account of such claim is not less than the allowed amount of such claims; or

   c. The Debtor has surrendered or abandoned the collateral securing such claim; or

   d. The treatment of the claim complies with 11 U.S.C. § 1322(b)

## IT IS THEREFORE ORDERED THAT:

1. The Debtor's Plan dated _____**7/23/2015**_____ as filed or as amended is CONFIRMED subject to the allowance of claims herein and the Trustee's Recommendation Concerning Claims which shall be filed within 30 days of the latter of entry of this Order or the deadline for all creditors (including a government unit) to file a claim. With respect to all claims allowed or not yet allowed at the time of execution of this Order, said claims are subject to the Trustee's Recommendation Concerning Claims as follows:

   I.  (a).  The Trustee, the Debtor, and the Debtor's attorney shall examine proofs of claim or summaries thereof and shall object to the allowance of improper claims as provided by Rule 3007.

      (b).  The Trustee shall file and serve all parties in interest with the Trustee's Recommendation Concerning Claims within thirty (30) days of the latter of entry of this Order or the claim filing deadline for all creditors (including a government unit). Such Trustee's Recommendation Concerning Claims shall include the Trustee's objections to claims, if any, recommendations as to the extent and validity of each creditor's security interest, if any, and recommendations as to the value of any collateral not previously valued by the Court. The Trustee's Recommendation Concerning Claims shall be deemed to be an objection to claims, a motion to value any such collateral, and an action to determine the validity of each creditor's security interest or an action to avoid any such security interest as set forth therein.

      (c).  Unless an objection or response is timely filed as to the treatment of any claim, the claim will be allowed only in the manner and amount listed in the Trustee's Recommendation Concerning Claims, and such treatment will be final and binding on all parties without further order of the Court.

      (d).  Responses or objections to the Trustee's Recommendation Concerning Claims must be filed within twenty (20) days from the date of service of the Trustee's Recommendation Concerning Claims.

Case No:   15-41313
Debtor(s):   **Kent McConnico Mayhall**

_____

(e). The Trustee's Recommendation Concerning Claims shall additionally contain notice of the bar date for any additional objections to claims, which date is fixed at twenty (20) days following the date of service of the Trustee's Recommendation Concerning Claims.

II. (a). The Chapter 13 Trustee shall review all claims and the feasibility of the Plan prior to filing the Trustee's Recommendation Concerning Claims. If at that time the Plan is no longer feasible, the Trustee shall notify the Debtor and his attorney, in writing, of the infeasibility of the Plan. If forty-five (45) days after the service of the Trustee's Recommendation Concerning Claims the Plan remains infeasible, the Trustee shall file a Motion to Modify the Plan and/or a Motion to Dismiss the case.

(b). Further, if at any time during the term of the Chapter 13 case, a claim is allowed which makes the Plan infeasible, the Chapter 13 Trustee shall notify the Debtor and his attorney, in writing, of the infeasibility of the Plan. If the Plan remains infeasible for forty-five (45) days after such notice, the Trustee shall file a Motion to Modify the Plan and/or an alternative Motion to Dismiss the case.

III. At the time of the issuance of an Order Confirming a Plan in this case, the time for filing claims in this case may not have expired. Consequently, the Court specifically reserves the right in the future to:

(a). Alter or sustain an objection to the secured status of a claim filed as secured either before or after the entry of this Order Confirming Plan, and value the collateral securing any such claim to the extent not previously valued herein or otherwise by the Court;

(b). Enter a Final Order after notice and hearing on any responses or objections to the Trustee's Recommendation Concerning Claims, and on any additional objection(s) to claims timely filed by a party in interest;

(c). At any time during the pendency of this case, entertain a motion to alter or sustain an objection to the secured status of a claim filed as secured after the bar date for filing claims has expired, or to value the collateral securing any such claim to the extent not previously valued by the Court.

(d). Reduce, if necessary to ensure compliance with LBR 2016(h), the amount of attorney fees to the debtor's attorney due to the absence of a certification from debtors attorney regarding legal services provided pertaining to automatic stay litigation occurring in the case.

IV. All creditors having allowed secured claims (whether filed before or after an Order Confirming Plan is entered) shall be treated in accordance with section 1325(a) (5), except as otherwise specifically set forth herein. The collateral securing creditor's claims provided for under the Debtor's Plan is hereby valued by the Court at the values set forth below.

(a). When the value of the collateral securing a timely filed proof of claim of any taxing authority differs from the value shown on the Debtor's Plan, the Trustee will use the value shown on the creditor's proof of claim. All parties will be noticed of this valuation through the Trustee's Recommendation Concerning Claims and disputed valuations may be resolved by the Court, by agreement or objection.

(b). In those instances where no objection was filed to Confirmation of the Debtor's Plan contesting the Debtor's valuation of collateral securing a creditor's claim. The value of such collateral is fixed at the values provided in the Debtor's Plan.

(c). In those instances, if any, where an objection was filed to the treatment of a creditors claim, including the valuation of collateral as provided in the Debtor's Plan, the Court through this order hereby determines the treatment shall be as set forth in exhibit 'A' attached, if any.

(d). In the event a creditor timely files a proof of claim which evidences a perfected security interest in collateral which was not specified by the Plan and not previously valued by the Court, such collateral will be valued by the Court at the value set forth in the Trustee's Recommendation Concerning Claims to be filed herein, unless a response to such Trustee's Recommendation Concerning Claims is timely filed. Such Trustee's Recommendation Concerning Claims is to be filed and served within thirty (30) days of the latter of entry of this Order or the deadline for filing proofs of claims herein (including a government unit). Responses to such Trustee's Recommendation Concerning Claims must be filed within the time and in the manner provided in such Trustee's Recommendation Concerning Claims.

(e). The valuation of collateral by the Court as set forth above shall not relieve a secured creditor from the duty to file a proof of claim in order to be paid under the Plan. Further, such valuation shall not preclude any party from objecting to the amount claimed by any such creditor, or from bringing an action to determine the extent of validity of such creditor's security interest or to avoid any such security interest.

Case No:   15-41313
Debtor(s):   **Kent McConnico Mayhall**

---

2.  The Debtor(s) shall pay the sum of _____**$580.00**_____ per month for _____**60**_____ payments together with any income Tax refunds that the debtor receives during the life of the plan for a total of _____**$34,800.00**_____ to:

*If variable payments are indicated, see Exhibit "B" - Variable Plan Payments for the monthly amounts.*

Beginning _____**8/22/2015**_____ and continuing until all of the allowed claims provided for under the Plan have been paid in accordance with the terms of the Plan, of this Order, or as set forth in the Trustee's Recommendation Concerning Claims.

3.  The Trustee shall make disbursements pursuant to the provisions of the Plan, this Order, or as set forth in the Trustee's Recommendation Concerning Claims, Section 1326 of the Bankruptcy Code and shall pay only such claims which have been allowed by the Court. The Trustee shall make such disbursements monthly, unless otherwise provided for by the Plan, but shall not be required to pay any dividend in an amount less than $15.00 and dividends not distributed because of this provision shall accumulate and be paid when such accumulation aggregates $15.00 or more.

4. The Debtor(s) shall not incur additional debt during the term of this Plan except upon written approval of the Court or the Standing Chapter 13 Trustee. Failure to obtain such approval may cause the claim for such debt to be unallowable and non-dischargeable.

☐  Check this box if Additional Provisions are attached

APPROVED AS TO FORM AND SUBSTANCE

**/s/ Weldon Reed Allmand**
_____
***Weldon Reed Allmand, Attorney for Debtor***                    _____
                                                                   ***Chapter 13 Trustee***

**7/23/2015**
_____
**Date**                                                           _____
                                                                   **Date**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

IN RE:   **Kent McConnico Mayhall**                              CASE NO.   **15-41313**

                                                                CHAPTER   **13**

### Certificate of Service of Plan

I, the undersigned, hereby certify that a true copy of the foregoing Chapter 13 Plan has been served on all parties listed on the attached matrix.

Date:   **7/23/2015**                           **/s/ Weldon Reed Allmand**

                                                **Weldon Reed Allmand**
                                                Attorney for the Debtor(s)